George I. PLATT, Plaintiff,

v.

Jane CARROLL, Supervisor of Elections, Broward County, Florida, Kenneth C. Jenne, II, Anne L. Kolb, Gerald F. Thompson, J. W. (Bill) Stevens, Jack L. Moss, Howard C. Forman, Hugh A. Anderson, Commissioners, Board of County Commissioners, Broward County, Florida, Defendants.

No. 78–6205–Civ.–SMA.

United States District Court,
S. D. Florida,
Miami Division.

May 26, 1978.

Bruce S. Rogow, Steven J. Wisotsky, Fort Lauderdale, Fla., for plaintiff George I. Platt.

Samuel S. Goren, Fort Lauderdale, Fla., for defendant Carroll.

Allen S. Parish, Fort Lauderdale, Fla., Harry M. Hipler, West Palm Beach, Fla., for remaining defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

ARONOVITZ, District Judge.

Plaintiff seeks declaratory relief and preliminary and permanent injunctions, holding Article II, Sec. 2.01 *D* * of the Home

---

* *2.01D* A candidate for the office of County Commissioner shall be disqualified for seat he or she seeks if he or she shall (1) Campaign as a member of any political party; (2) Publicly represent or advertise himself as a member of any political party; (3) Endorse any candidate; (4) Make political speeches other than in his own behalf; (5) Make contributions to political

Rule Charter of Broward County, Florida to be facially unconstitutional and unenforceable in his prospective candidacy in the September, 1978 primary election for Broward County Commission, and likewise violative of the First and Fourteenth Amendments as to the voters of Broward County, Florida.

An evidentiary hearing was held on the Motion for Preliminary Injunction at which Plaintiff testified that he was not *now* either an announced or actual qualified candidate for the office of County Commission. He also testified that neither by the allegations of his Complaint or otherwise was he seeking to invalidate Article II, Sec. 2.01 *B*, the pertinent part of which provides that ". . . County Commissioners shall be elected on a non-partisan basis . . ." However, it is quite apparent from his testimony and the Complaint that by reason of the political acts he proposes to engage in during his campaign that same would have the effect of emasculating the non-partisan election. Plaintiff's description of the activities he would propose to engage in *if* he becomes a candidate was presented in broad-brush generalities. If the Court is to consider granting such drastic relief, it should have before it for adjudication a sufficient factual detail of the actions of Plaintiff and the threat to Plaintiff's constitutional rights as would enable it to address each of the specific sub-sections with objective specificity.

For a claim to be justiciable as an Article III matter, it must present a real and substantial controversy which unequivocally calls for adjudication of the rights asserted. *Poe v. Ullman,* 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961). The matter at hand should not present "abstract" or "hypothetical" questions because of suppositions contrary to fact or because of wholly speculative assumptions. *United Public Workers of America v. Mitchell,* 330 U.S. 75, 67 S.Ct.

556, 91 L.Ed. 754 (1947). The asserted cause of action should be "ripe" for adjudication and should not merely constitute an advisory opinion but should conform to the "case or controversy" requirement of Article III. The Plaintiff must also have achieved an interest such as would accord him standing. Allegations of a subjective "chill" are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm, and do not confer standing. *Laird v. Tatum,* 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972).

> "It is noteworthy that a suit brought before a challenged law has actually been applied to the plaintiff potentially involves two contingencies: whether the plaintiff will in fact act contrary to the apparent command of the law, and whether the law will be applied to him if he does." *National Student Association, Inc., et al. v. Hershey,* 134 U.S.App.D.C. 56, 64, 412 F.2d 1103, 1111 (1969).

Sec. 2.01 D is not penal or criminal in nature. Neither is there contained anywhere within the Home Rule Charter any mechanism to enforce disqualification against a candidate violating the provisions of 2.01 D.

Plaintiff has neither announced his candidacy nor has he qualified as a candidate and, therefore, is not a candidate; he may never qualify since he has the right to change his mind. Furthermore, the Plaintiff, neither by his allegations in the Complaint, Affidavit, or testimony, has shown any threat made against him by any lawful authority for engaging in or seeking to engage in such activities, nor has he solicited any comment from lawful authorities, nor has he shown or established that the enforcement of Sec. 2.01 D has been carried out against candidates previously or is likely to be enforced against any candidate by reason of any determination, announced or otherwise by Broward County officials.

party funds; (6) Accept political party funds; (7) Solicit contributions to political party funds; (8) Accept or retain a place on any political *party committee;* (9) Make *any contribution to* any person, group, or organization for its endorsement to commission office; or (10) Agree

to pay all or any part of any advertisement sponsored by any person, group, or organization wherein the candidate may be endorsed for *commission office by any such person, group* or organization.

The Court does not know whether the Defendant will in fact act contrary to one or more or all of Sub–Sec. 1 through 10 of Article 2.01 D and Plaintiff's testimony in general terms does not sufficiently inform the Court of the factual specifics of his intentions.

The mere existence of a statute, regulation or articulated policy is ordinarily not enough to sustain a judicial challenge, even by one who reasonably believes that the law applies to him and will be enforced against him according to its terms. *United Public Workers v. Mitchell, supra*; *National Student Association, Inc. v. Hershey, supra.*

As was pointed out by the Court in *Hershey*, 134 U.S.App.D.C. at page 67, 412 F.2d at page 1114:

"One result of adjudicating wherever there is a chill may well be to require resolution of complex questions without the beneficial focus afforded by adversary argument trained upon a concrete factual dispute. To permit adjudication of a legal question or dispute solely on account of its chill is in effect to concede that the substantive issues apart from the chill are themselves not ripe for adjudication."

The case sub judice points up the apparent need for factual referents in order to properly define and narrow the issues inasmuch as the Plaintiff alleges that he is in fact vulnerable to the alleged chilling effect.

In *Poe v. Ullman, supra*, when doctors and their patients sought to challenge the constitutionality of a Connecticut anti-birth control law by seeking declaratory relief, the Supreme Court refused to assume that the statute which had not been enforced for 21 years, would be applied to the claimant's conduct—especially since the particular kind of conduct in which they were engaging had never been the target of any of the law's previous applications. Tribe, American Constitutional Law, Ch. 3–11, Page 58 (1978); *United Public Workers of America v. Mitchell, supra.*

Plaintiff points to *Morial v. Judiciary Commission of the State of Louisiana*, 565 F.2d 295 (5th Cir. 1977) as a basis for this Court to adjudicate the issues herein.

However, *Morial* is distinguishable upon two very pertinent and different factual bases. The 5th Circuit noted at Page 298:

"While courts have an interest in having concrete factual situations presented for judicial consideration, this interest would not be advanced by withholding anticipatory relief *where, as here, the course of conduct in which the plaintiff plans to engage is clear to the court at the time the suit is filed.* Indeed, in the case at bar, just as in *Steffel*, the *plaintiff outlined his anticipated course of conduct with sufficient clarity to the state enforcement authorities* to enable them to determine that his conduct would violate the state rule and expose him to sanctions. In such circumstances, *the threat of punishment* for engaging in protected activity *cannot be characterized as 'imaginary or speculative,'*"

(Emphasis supplied)

Here the course of conduct in which the Plaintiff plans to engage is *not* clear to this Court *at the time* the suit is filed. Likewise, the Plaintiff has not with any degree of clarity (in fact, had made no effort) presented his case to the Broward County authorities or to any other persons capable of considering same. He had not taken equivalent action to that of Judge Morial who had sought from the Supreme Court of Louisiana a request for leave of absence (refused) and thereafter addressed a letter to the Court's Committee on Judicial Ethics requesting an advisory opinion. And again, Judge Morial had done everything he could do to *announce* his candidacy for mayor of New Orleans by public reference thereto.

This Court, therefore, and by reason of the aforegoing, does not reach the merits nor render any adjudication as to the substantive grounds asserted for relief in the Complaint.

It is thereupon—

ORDERED AND ADJUDGED that the Motion to Dismiss addressed by the several Defendants to the Complaint herein be and

the same is hereby GRANTED, without prejudice as to the substantive issues, and this action shall stand DISMISSED as to all parties.

DONE AND ORDERED at Miami, Florida this 26 day of May, 1978.